UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARK FOSTER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 4:20-CV-2651 |
| | § | |
| KILOLO KIJAKAZI, | § | |
| Commissioner of the Social | § | |
| Security Administration, | § | |
| | § | |
| Defendant. | | |

## MEMORANDUM OPINION

Pending before the Court[1] is Plaintiff Mark Foster's ("Plaintiff") Motion for Summary Judgment (Dkt. No. 21) and Defendant[2] Kilolo Kijakazi's ("Commissioner") Motion for Summary Judgment[3] (Dkt. No. 22). The Court has considered the motions, all other relevant filings, and the applicable law. For the reasons set forth below, the Court **GRANTS** Commissioner's Motion for Summary Judgment, **DENIES** Plaintiff's Motion for Summary Judgment, and **DISMISSES** the action with prejudice.

**I.  BACKGROUND**

On July 28, 2020, Plaintiff timely filed this action for judicial review of the Social Security

---

[1] The parties consented to proceed before the Undersigned Magistrate Judge for all proceedings, including trial and final judgment, pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. (*See* Dkt. No. 23.)

[2] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi should be substituted, therefore, for Andrew Saul as the defendant in this suit.

[3] The Court construes Commissioner's response to Plaintiff's Motion for Summary Judgment as an affirmative Motion for Summary Judgment and Plaintiff's reply as an opposition to Commissioner's motion. (*See* Dkt. No. 28.)

Administration's ("SSA") final decision on Plaintiff's claim for disability insurance benefits under Title II of the Social Security Act.[4] On August 8, 2018, Plaintiff filed an application for benefits claiming an inability to work since November 9, 2017, due to left lung problems, bronchitis, sinusitis, and wrist problems.[5] The SSA found Plaintiff was not disabled at the initial level of review in September 2018 and again, upon reconsideration, in February 2019.[6] Plaintiff requested a hearing before an Administrative Law Judge ("ALJ").[7]

On September 25, 2019, the ALJ conducted a hearing.[8] The ALJ heard testimony from Plaintiff and vocational expert Wallace Stanfill.[9] On November 5, 2019, the ALJ issued a decision denying Plaintiff's applications for disability benefits.[10] The ALJ found, "[t]he claimant has not been under a disability, as defined in the Social Security Act, from November 9, 2017, through the date of this decision . . . ."[11] Plaintiff appealed the ALJ's decision to the SSA's Appeals Council.[12] On June 1, 2020, the Appeals Council denied Plaintiff's request to review the ALJ's decision.[13]

The ALJ's decision represents the Commissioner's final decision in Plaintiff's case. *See Sims v. Apfel*, 530 U.S. 103, 106–07 (2000) ("SSA regulations provide that, if . . . the [Appeals] Council denies the request for review, the ALJ's opinion becomes the final decision."). Following

---

[4] *See* Dkt. No. 1.
[5] *See* Dkt. No. 12-4 at 3, 14.
[6] *See id.* at 10, 22.
[7] Dkt. No. 12-5 at 16.
[8] *See* Dkt. No. 12-3 at 36.
[9] *Id.*
[10] *Id.* at 11–21.
[11] *Id.* at 2.
[12] *See id.* at 19.
[13] *Id.* at 4.

the Appeals Council's denial, Plaintiff filed this action pursuant to 42 U.S.C. § 405(g).[14]

## II.  LEGAL STANDARD

The Court's review of the Commissioner's final decision on a social security disability claim is exceedingly deferential. *Taylor v. Astrue*, 706 F.3d 600, 602 (5th Cir. 2012). "Our review of Social Security disability cases 'is limited to two inquiries: (1) whether the decision is supported by substantial evidence on the record as a whole, and (2) whether the Commissioner applied the proper legal standard.'" *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014) (quoting *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005)). When the Commissioner's decision is reached by applying improper legal standards, the decision is not supported by substantial evidence. *Singletary v. Bowen*, 798 F.2d 818, 823 (5th Cir. 1986). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept to support a conclusion' and constitutes 'more than a mere scintilla' but 'less than a preponderance' of evidence." *Hardman v. Colvin*, 820 F.3d 142, 147 (5th Cir. 2016) (quoting *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000)). "'Any findings of fact by the Commissioner which are supported by substantial evidence are conclusive.'" *Heck v. Colvin*, 674 F. App'x 411, 413 (5th Cir. 2017) (quoting *Taylor*, 706 F.3d at 602).

Even so, judicial review must not be "so obsequious as to be meaningless." *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999) (quotations omitted). The substantial evidence standard is not a rubber stamp for the Commissioner's decision and involves more than a search for evidence supporting the Commissioner's findings. *Singletary*, 798 F.2d at 822–23; *Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985). Rather, a reviewing court must scrutinize the record as a whole, taking into account whatever fairly detracts from the substantiality of evidence supporting the

---

[14] *See* Dkt. No. 1.

Commissioner's findings. *Singletary*, 798 F.2d at 823. In its analysis, the Court "'may not reweigh the evidence . . . , nor try the issues *de novo*, nor substitute [its] judgment for the [Commissioner's], even if the evidence preponderates against the [Commissioner's] decision.'" *Johnson v. Colvin*, 595 F. App'x 443, 444 (5th Cir. 2015) (quoting *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988)).

Summary judgment in social security cases, like others, is governed by Rule 56. *See Temple v. Saul*, No. 19-CV-3320, 2020 WL 6075644, at *2 (S.D. Tex. Oct. 14, 2020). Under Rule 56, summary judgment is proper when the record reflects that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "When parties file cross-motions for summary judgment, [courts] review 'each party's motion independently, viewing the evidence and inferences in the light most favorable to the nonmoving party.'" *Cooley v. Hous. Auth. of City of Slidell*, 747 F.3d 295, 298 (5th Cir. 2014) (quoting *Ford Motor Co. v. Tex. Dep't of Transp.*, 264 F.3d 493, 498 (5th Cir. 2001)).

**III. DISCUSSION**

"A claimant bears the burden of proving that he or she suffers from a disability." *Perez*, 415 F.3d at 461. The Social Security Act defines a disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Substantial gainful activity means "work activity involving significant physical or mental abilities for pay or profit." *Perez*, 415 F.3d at 461 (quoting *Newton*, 209 F.3d at 452).

In considering a disability claim, an ALJ must conduct a five-step evaluation that examines: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the

claimant has a severe impairment; (3) whether the claimant's impairment meets or equals the severity of an impairment listed in 20 C.F.R., Part 404, Subpart B, Appendix 1; (4) whether the impairment prevents the claimant from doing past relevant work; and (5) whether the impairment prevents the claimant from doing any other work. *Masterson v. Barnhart*, 309 F.3d 267, 271 (5th Cir. 2002) (citing 20 C.F.R. § 404.1520). While the claimant maintains the burden of proof for the first four steps, the burden shifts to "the Commissioner on the fifth step to show that the claimant can perform other substantial work in the national economy." *Perez*, 415 F.3d at 461. "Once the Commissioner makes this showing, the burden shifts back to the claimant to rebut this finding." *Id.* (quoting *Newton*, 209 F.3d at 453) (internal quotations omitted).

"A finding that a claimant is disabled . . . at any point in the five-step review is conclusive and terminates the analysis." *Boyd v. Apfel*, 239 F.3d 698, 705 (5th Cir. 2001) (quoting *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994)). However, if no such finding can be made at any one step, the Commissioner moves on to the next step. 20 C.F.R. § 404.1520(a). Before moving from step three to step four, the Commissioner determines the claimant's residual functional capacity ("RFC"), which is "a determination of the most the claimant can still do despite his physical and mental limitations and is based on all relevant evidence in the claimant's record." *Perez*, 415 F.3d at 462 (citing 20 C.F.R. § 404.1545(a)(1)). The Commissioner uses the claimant's RFC at steps four and five to determine if the claimant can still do his past relevant work and determine whether the claimant can adjust to any other type of work. *Id.* (citing 20 C.F.R. § 404.1520(e)).

Here, the ALJ addressed all five steps of the sequential process. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since November 9, 2017.[15] At step two,

---

[15] Dkt. No. 12-3 at 13.

the ALJ found that Plaintiff suffered from the following severe impairments: osteoarthritis of the wrists; chronic obstructive pulmonary disorder (COPD)/bronchiectasis; allergic rhinitis; and depression.[16] At step three, the ALJ found that Plaintiff's impairments or combination of impairments did not meet or medically equal the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.[17] The ALJ found Plaintiff had the RFC to perform medium work as defined in the Commissioner's regulations with certain limitations.[18] At step four, the ALJ determined that Plaintiff was unable to perform any past relevant work.[19] At step five, the ALJ found that there were jobs that existed in significant numbers in the national economy that Plaintiff could have performed—such as retail stocker, hand packager, and dining attendant—and therefore, Plaintiff was not disabled as defined under the Social Security Act.[20]

Plaintiff moves to reverse the ALJ's decision, arguing that the ALJ's RFC finding fails to accommodate for Plaintiff's (1) back and knee impairments, (2) bilateral wrist impairments, and (3) social functioning limitations.[21] Further, due to this failure, Plaintiff argues the VE's testimony was based on an incomplete hypothetical question and cannot provide substantial evidence in support of the ALJ's step five finding.[22] Conversely, Commissioner contends substantial evidence supports the ALJ's RFC finding and step five determination.[23] The Court agrees with

---

[16] *Id.* at 14.
[17] *Id.* at 15.
[18] *Id.* at 17.
[19] *Id.* at 19.
[20] *Id.* at 20.
[21] Dkt. No. 21 at 6-14.
[22] *Id.* at 15.
[23] Dkt. No. 22 at 5-8.

Commissioner.

    a. *Back and Knee Impairments*

Regarding his back and knee impairments, Plaintiff argues the ALJ used an incorrect severity standard at step two.[24] However, Commissioner contends Plaintiff's argument is without merit because the ALJ utilized Social Security Ruling (SSR) 85-28 and the Fifth Circuit recently explained that SSR 85-28 comports with the "traditional *Stone* standard."[25] The Court agrees that Plaintiff's argument is without merit. *See Keel v. Saul*, 986 F.3d 551, 556 (5th Cir. 2021) (holding SSR 85-28 is consistent with *Stone v. Heckler*).

Additionally, Plaintiff argues the ALJ failed to accommodate for Plaintiff's back and knee impairments in his RFC.[26] Plaintiff states these impairments will prevent him from "medium work" and points to a treating source at Houston Methodist who stated Plaintiff "cannot be in an environment of manual work, prolonged standing, [or] walking."[27] As noted by Commissioner, the only medical evidence Plaintiff cites to for support is the one-page, unsigned letter from Houston Methodist.[28] The ALJ specifically addressed the letter in his decision and stated that the letter was unpersuasive because it was inconsistent with the record as a whole.[29] For support, the ALJ cited to several instances where Plaintiff "denied shortness of breath and demonstrated normal gait."[30] Therefore, the Court finds that the ALJ properly considered Plaintiff's back and knee impairments.

---

[24] Dkt. No. 21 at 6.
[25] Dkt. No. 22 at 5.
[26] Dkt. No. 21 at 7.
[27] *Id.*
[28] Dkt. No. 22 at 6.
[29] Dkt. No. 12-3 at 19.
[30] *Id.* at 19; *see* Dkt. No. 12-12; Dkt. No. 13-15; Dkt. No. 13-19.

### b. Bilateral Wrist Impairments

Plaintiff also argues the RFC limitation to no more than "occasional fine fingering with the bilateral hands" is insufficient to properly accommodate for Plaintiff's bilateral wrist impairments.[31] Conversely, Commissioner contends the ALJ properly considered Plaintiff's history of bilateral wrist fractures and diagnosis of osteoarthritis of the wrists.[32] The Court agrees with Commissioner.

In his RFC analysis, the ALJ addressed Plaintiff's motor vehicle accident and the VA records concerning his wrists.[33] The ALJ noted Plaintiff had normal functioning in January and May 2018.[34] Despite being fitted for wrist braces in October 2018, the ALJ again noted that Plaintiff has normal evaluations in February and April 2019 where Plaintiff "denied weakness, tingling, or numbness in his extremities specifically at those times."[35] Ultimately, the ALJ found Plaintiff could perform "medium" work, but limited the work to "occasional fine fingering with the bilateral hands."[36]

Plaintiff cites to various medical records to support his argument, but "the ALJ is not required to incorporate limitations in the RFC that he did not find to be supported in the record." *Fleming v. Saul*, No. 19-CV-701, 2020 WL 4601669, at *4 (W.D. Tex. Aug. 10, 2020) (citing *Chambliss v. Massanari*, 269 F.3d 520, 523 & n.1 (5th Cir. 2001) and *Morris v. Bowen*, 864 F.2d 333, 336 (5th Cir. 1988)). Nevertheless, the RFC determination, like all other determinations made

---

[31] Dkt. No. 21 at 8.
[32] Dkt. No. 22 at 6-7.
[33] Dkt. No. 12-3 at 18.
[34] *Id.*
[35] *Id.*; *see* Dkt. No. 13-15 at 14.
[36] Dkt. No. 12-3 at 17.

by the ALJ, must be supported by substantial evidence. *Ramos v. Astrue*, No. 11-CV-1457, 2012 WL 1020194, at *4 (E.D. La. Feb. 27, 2012), *report and recommendation adopted*, 2012 WL 1019123 (Mar. 26, 2012); *Majkut v. Astrue*, No. 08-CV-92, 2009 WL 3110210, at *4 (N.D. Tex. Sept. 28, 2009). A finding of no substantial evidence is appropriate only if there is a conspicuous absence of credible evidentiary choices or contrary medical findings to support the ALJ's decision. *Johnson v. Bowen*, 864 F.2d 340, 343–44 (5th Cir. 1988). Here, based on his RFC discussion regarding Plaintiff's bilateral wrist impairments, the Court agrees with Commissioner that the ALJ provided substantial evidence to support his findings.[37]

    c. *Social Functioning Limitations*

Lastly, Plaintiff argues the ALJ failed to provide a limitation with respect to Plaintiff's ability to work with supervisors and co-workers.[38] Plaintiff bases this argument on a report that Plaintiff had an argument with a co-worker and supervisor just before he was terminated from a job.[39] As Plaintiff stated, the ALJ acknowledged this in his decision.[40] However, the ALJ also noted that Plaintiff himself "denied difficulty getting along with others in his function report" and Plaintiff "also indicated he gets along well with authority figures."[41] The ALJ explained that two doctors found Plaintiff did not have a limitation with interacting with others; however, the ALJ ultimately decided Plaintiff had a moderation limitation based on "the evidence received at the

---

[37] *See* Dkt. No. 22 at 7.
[38] Dkt. No. 21 at 13-14.
[39] *Id.*
[40] *See* Dkt. No. 12-3 at 16.
[41] *Id.*

hearing level."[42] Thus, Plaintiff's argument is without merit.

Plaintiff's comparison to *West v. Sullivan*, 751 F. Supp. 647 (N.D. Tex. 1990) is also without merit.[43] In *West*, the ALJ relied on four pages out of a 310-page record to determine the claimant could sit for six hours or perform other tasks needed for sedentary work and ignored the overwhelming amount of evidence that showed the claimant could not sit for six hours and was totally disabled. *Id.* at 648. Here, the ALJ determined Plaintiff had a moderation limitation based on Plaintiff's own reports.[44] In fact, the ALJ ultimately provided for more limitations than some of the medical opinions would have accounted for.[45] This does not present the same case as in *West* where the ALJ found no limitations despite overwhelming evidence to the contrary.

*      *      *

The ALJ's RFC determination is based on the record as a whole. *See Ong v. Saul*, No. 4:18-CV-3577, 2020 WL 164559, at *4 (S.D. Tex. Jan. 13, 2020); *Gray v. Astrue*, No. 1:09-CV-0101, 2011 WL 856941, at *5 (N.D. Tex. Mar. 11, 2011) ("The RFC assessment is based upon *all* of the relevant evidence in the case record, including, but not limited to, medical history, medical signs, and laboratory findings; the effects of treatment; and reports of daily activities, lay evidence, recorded observations, medical source statements, and work evaluations."). The Court cannot "reweigh the evidence, try the issues *de novo,* or substitute [its] judgment for that of the [Commissioner]." *Greenspan*, 38 F.3d at 236. Based on his thorough review of the record, the Court finds that substantial evidence supports the ALJ's decision.[46] *See Barnes v. Astrue*, No. 07-

---

[42] *Id.*
[43] Dkt. No. 21 at 14.
[44] Dkt. No. 12-3 at 16.
[45] *Id.*
[46] Because substantial evidence supports the ALJ's RFC determination, the Court need not

CV-4377, 2008 WL 5348225, at *11 (S.D. Tex. Dec. 22, 2008) ("The issue is not how much evidence supports a finding of disability, but, rather, whether substantial evidence supports the ALJ's finding that Plaintiff was not disabled."); *Jacobs v. Berryhill*, No. 5-17-CV-429, 2018 WL 3323764, at *5 (W.D. Tex. July 6, 2018), *report and recommendation adopted*, No. 5-17-CV-429, 2018 WL 4688775 (W.D. Tex. July 24, 2018) ("The ALJ properly discussed the evidence in the record in making the residual-functional-capacity determination, explained the reasoning for the determination, and exercised her responsibility as factfinder in weighing the evidence and choosing to incorporate limitations into the residual-functional-capacity assessment that were most supported by the record.").

### IV.   CONCLUSION

Based on the foregoing, the Court **GRANTS** Commissioner's Motion for Summary Judgment, **DENIES** Plaintiff's Motion for Summary Judgment, and **DISMISSES** the action with prejudice.

It is so **ORDERED**.

**SIGNED** in Houston, Texas on March 15, 2022.

Sam S. Sheldon<br>
United States Magistrate Judge

---

address Plaintiff's argument regarding the hypothetical questions presented to the vocational expert.